## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

KEITH KEMP, individually and as personal representative of the Estate of Jason Kemp; and

CONNIE KEMP, individually,

      Plaintiffs,

v.

IVAN LAWYER, a Trooper of the Colorado State Patrol, in his individual capacity;

KIRK FIRKO, a Corporal of the Colorado State Patrol, in his individual capacity;

CHAD DUNLAP, a Sergeant of the Colorado State Patrol, in his individual capacity;

RALPH C. TURANO, Legal Training Attorney for the Colorado State Patrol, in his individual capacity; and

JOHN DOE, employee of the Colorado State Patrol, in his/her individual capacity.

      Defendants.

---

## COMPLAINT

---

Plaintiffs, Connie Kemp and Keith Kemp, individually and as personal representative of the Estate of Jason Kemp, by and through their attorneys Baker & Hostetler LLP, and Mark Silverstein and Rebecca T. Wallace of the ACLU Foundation of Colorado, for their Complaint against the Defendants, allege and aver as follows:

### INTRODUCTION

1.     This action arises out of Jason Kemp's avoidable death at the hands of Colorado State Patrol officers, Defendants Ivan Lawyer, Kirk Firko and Chad Dunlap, all duly authorized

law enforcement officers acting under the color of state law. Defendants Lawyer, Firko, and Dunlap conspired to illegally and violently enter the home where Jason lived with his girlfriend, in clear violation of his constitutional rights. Defendants broke down the door of Jason's home after he refused to grant them entry without a warrant and after pepper-spraying Jason in the face. Shortly thereafter, Defendant Lawyer shot Jason in the chest, at point-blank range, even though he was unarmed. Jason died at the scene.

2.    In this action, Jason's parents, on behalf of themselves and Jason's estate, seek recompense for these violations of their constitutional and other rights under state law and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3.    This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and over pendent state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All defendants reside within the District of Colorado, and the events described in this Complaint occurred in the District of Colorado.

5.    Plaintiffs have complied with the notice requirements of the Colorado Governmental Immunity Act, C.R.S. § 24-10-109, by sending a letter dated January 12, 2011, to the Colorado Attorney General.

## PARTIES

6.    Keith Kemp is Jason's father. He is a citizen of Georgia. He is also the duly appointed personal representative of Jason's estate, which has been probated in the Probate Division of the District Court for Mesa County, Colorado, under case number 2011PR111.

7.    Connie Kemp is Jason's mother. She is a citizen of Georgia.

8.      At all times relevant to this Complaint, Defendant Ivan Lawyer was an officer of the Colorado State Patrol holding the rank of Trooper.  He is sued in his individual capacity, and at all times relevant to this Complaint was acting under color of state law.

9.      At all times relevant to this Complaint, Defendant Kirk Firko was an officer of the Colorado State Patrol holding the rank of Corporal.  He is sued in his individual capacity, and at all times relevant to this Complaint was acting under color of state law.

10.     At all times relevant to this Complaint, Defendant Chad Dunlap was an officer of the Colorado State Patrol holding the rank of Sergeant.  He is sued in his individual capacity, and at all times relevant to this Complaint was acting under color of state law.

11.     At all times relevant to this Complaint, Defendant Ralph C. Turano was the Legal Training Attorney for the Colorado State Patrol Academy.  In this role, Defendant Turano was responsible for developing training materials and procedures relevant to the matters alleged herein and ensuring that Defendants Lawyer, Firko, and Dunlap were adequately trained on these policies and procedures while at the Colorado State Patrol Academy.  He is sued in his individual capacity, and at all times relevant to this Complaint was acting under color of state law.

12.     Defendant John Doe is a yet-to-be-identified employee of the Colorado State Patrol.  At all times relevant to this Complaint, he was responsible for developing policies, procedures and training materials relevant to the matters alleged herein and ensuring that Defendants Lawyer, Firko, and Dunlap were adequately trained on these policies and procedures throughout their tenure with the Colorado State Patrol.  Defendant John Doe may be more than one person, and/or may be one or more of the named defendants.  Plaintiffs will amend the complaint to reflect Defendant John Doe's true name or names upon further discovery.

Defendant John Doe is sued in his individual capacity, and at all times relevant to this Complaint was acting under color of state law.

## FACTUAL BACKGROUND

13.     On July 20, 2010, Jason Kemp and some friends were jet skiing on the Colorado River near Grand Junction, Colorado.

14.     In the early evening, Jason and a few of his friends, including Ian Olson and Anthony Martinez, decided to head back to the apartment that Jason shared with his girlfriend, Rhonda Hartman, at 103B Glade Park Road, Grand Junction, Colorado.

15.     Jason and his friends loaded up the jet ski on a trailer attached to Jason's truck and headed back to the apartment.

16.     When they arrived at the apartment, they attempted unsuccessfully to back the truck and trailer carrying the jet ski into Jason and Rhonda's driveway.

17.     During their efforts to get the truck and trailer parked, the jet ski fell off the trailer and the truck became stuck in a neighbor's lawn.  Jason and his friends were able to confer with the neighbor; remove the truck, trailer, and jet ski; and safely park them in Jason and Rhonda's driveway.  This minor, auto-related accident resulted in no physical injury and, at most, very minor property damage to the neighbor's yard.

18.     At some point, a neighbor called the police to report the incident with the jet ski.

19.     With the truck and jet ski safely parked, Jason and his friends entered the apartment.  Jason sat down on the couch in the living room and turned on the television while Anthony made some food and Ian went upstairs.

20.     Shortly thereafter, Defendants Lawyer and Firko arrived at the apartment with their guns drawn.  They immediately began banging at the door, announced themselves as police, and demanded entry.

21.     Defendant Firko, as a corporal in the State Patrol, was Defendant Lawyer's superior.

22.     Jason stated that he would not allow Defendants' entry without a warrant.

23.     Defendants Lawyer and Firko did not indicate to Jason that they had a warrant, because they did not have one.

24.     Defendants Lawyer and Firko chose to escalate the situation by attempting to kick down the door and gain entry into the residence by any means necessary.  Defendants Lawyer and Firko had no basis for believing that Jason was armed or posed a threat to himself or others. According to their criminal indictments, both Defendant Lawyer and Defendant Firko believed this warrantless, forced entry was justified by their desire to secure chemical evidence to support a possible DUI charge against Jason.

25.     As Jason struggled to close the door against the force exerted on it by Defendants, Jason repeatedly asked Defendants to show a warrant and told them that they could not enter the apartment without a warrant.

26.     Upon information and belief, while Defendants Lawyer and Firko were trying to kick the door down, Sergeant Chad Dunlap, their supervisor, arrived on the scene.  Upon information and belief, Sergeant Dunlap did not counsel or direct Defendants Lawyer and Firko to cease their attempts at a forced, warrantless entry.  Instead, Dunlap joined them in their efforts.

27.     Despite Defendants' lack of a warrant, and despite the fact that Jason clearly indicated that he would not allow entry without one, both Defendants Lawyer and Firko continued kicking the door in their attempt to force their way into the apartment with guns drawn while Jason tried to keep Defendants out of his home by pressing against the other side of the door.

28.     At some point, Sergeant Dunlap walked around the house towards the back door.

29.     Defendants Lawyer and Firko, still at the front door, ultimately kicked out the frame of the door and were able to force the door open wide enough to wedge a piece of the frame in the doorway, which prevented Jason from fully closing the door.

30.     At some point in the struggle to keep Defendants from entering his home, Jason peered around the ajar door, and one of the Defendants pepper sprayed Jason in the face.

31.     Hearing that Sergeant Dunlap had detained someone in the back of the building, Defendant Firko went around to the back of the building, leaving Defendant Lawyer kicking at the front door with his gun drawn.

32.     At some point during Defendant Lawyer's continued assault on the door, it opened.  Defendant Lawyer, as he had during the entire incident, had his gun drawn and pointed in the direction of the door.

33.     Almost immediately upon forcing the door open, Defendant Lawyer shot Jason Kemp, who was unarmed, in the chest.

34.     Jason died at the scene as a result of the gunshot wound.

35.     In their attempt to carry out a warrantless entry into Jason's apartment by the use of force and, through their violent insistence in carrying out a warrantless entry, unnecessarily creating a situation that led to Jason's death by the unjustified use of excessive and deadly force,

Defendants Lawyer, Firko, and Dunlap acted jointly and in concert.  None objected to or attempted to stop the illegal actions of the other, and their actions reflect an agreement to work jointly to commit a violation of Jason's constitutional rights.

36.     Defendant Dunlap, as the supervisor on the scene, was obligated to attempt to stop Defendants Lawyer and Firko from engaging in the unconstitutional conduct described herein.  Defendant Dunlap did not do so.  Instead, he participated in, supervised, approved of, and/or acquiesced in Defendants Lawyer's and Firko's attempts to gain forced entry into the residence in the course of investigating this minor, auto-related accident and possible DUI.

37.     Defendants Firko and Lawyer have been indicted, and the Mesa County District Attorney is currently prosecuting them for criminal trespass in connection with the incident that resulted in Jason's death.  Defendant Lawyer has additionally been indicted on a charge of criminally negligent homicide in connection with Jason's death and is currently being prosecuted on this charge.

38.     Defendants' conduct under color of state law proximately caused the deprivation of Plaintiff's constitutionally-protected rights.  Due to Defendants' actions, Jason suffered injury. Keith and Connie Kemp suffered monetary losses, emotional distress, and loss of companionship.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983; Fourth Amendment –Warrantless Entry)
*Against Defendants Lawyer, Firko, and Dunlap on Behalf of the Estate of Jason Kemp*

39.     The previous allegations are incorporated by reference.

40.     The Fourth Amendment forbids unreasonable searches and seizures.  Jason had a constitutionally protected right to be free from an unreasonable search or seizure.

41.     A search of a home or residence without a warrant is presumptively unreasonable unless an exception to the warrant requirement applies, such as emergency, exigency, or consent.

42.     Defendants did not have a warrant to enter or search the apartment, and no exception to the warrant requirement applied.

43.     A reasonable officer would have known that the warrantless entry into the apartment under the circumstances violated clearly established Fourth Amendment law.

44.     Defendants Firko and Lawyer entered the apartment without a warrant.

45.     Sergeant Dunlap participated in, supervised, approved of, and/or acquiesced in Defendants Lawyer's and Firko's attempts to gain forced entry into the residence.

46.     Defendants' actions caused Jason injury and Defendants acted with reckless or callous indifference to Jason's constitutional rights

47.     Jason Kemp filed no action during his lifetime, but under C.R.S. § 13-20-101, this action survives and may be asserted by his Estate.

48.     Wherefore, Plaintiff Keith Kemp as personal representative of the Estate of Jason Kemp is entitled to compensatory and punitive damages, an award of reasonable costs and attorneys' fees, and such other relief as the Court deems just.

### SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Fourth Amendment – Excessive/Deadly Force)
*Against Defendants Lawyer, Firko, and Dunlap on Behalf of the Estate of Jason Kemp*

49.     The previous allegations are incorporated by reference.

50.      The shooting of Jason is a seizure that must comply with Fourth Amendment standards. The Fourth Amendment forbids the use of deadly force unless the officer reasonably believes that such force is necessary because of a significant threat of death or serious injury to the officer or others.

-8-

51.     Defendant Lawyer subjected Jason to an unreasonable seizure through the application of deadly force.

52.     Defendants Firko and Dunlap participated in, supervised, approved of, and/or acquiesced in all the events leading to Defendants Lawyer's application of deadly force.

53.     Defendants could not have reasonably believed Jason, who was unarmed inside his apartment and who never threatened to injure anyone, posed a significant threat of death or serious injury to themselves or others or that deadly force was necessary.

54.     Even if Lawyer may have reasonably (but erroneously) believed that deadly force was necessary at the moment he fired his weapon, Defendants are nevertheless liable because they unreasonably created the situation in which Lawyer mistakenly believed deadly force was appropriate,  because they provoked the confrontation with Jason by violating Jason's constitutional rights intentionally, recklessly, or with deliberate indifference, *i.e.*, by attempting to forcibly enter his home without a warrant and with guns drawn.

55.     A reasonable officer would have known that the seizure of Jason by the application of deadly force violated clearly established Fourth Amendment law.

56.     Defendants' actions caused Jason injury, and Defendants acted with reckless or callous indifference to Jason's constitutional rights.

57.     Jason Kemp filed no action during his lifetime, but under C.R.S. § 13-20-101, this action survives and may be asserted by his Estate.

58.     Wherefore, Plaintiff  Keith Kemp on behalf of the Estate of Jason Kemp is entitled to compensatory and punitive damages; an award of reasonable costs and attorneys' fees; and such other relief as the Court deems just.

## THIRD CLAIM FOR RELIEF

(C.R.S. § 13-21-202 – Wrongful Death)
*Against Defendants Lawyer, Firko, and Dunlap on Behalf of Keith and Connie Kemp*

59.     The previous allegations are incorporated by reference.

60.     Keith and Connie Kemp are the natural parents of the unmarried and deceased Jason Kemp.

61.     Keith and Connie Kemp are Jason's heirs at law, and Keith Kemp is the personal representative of Jason, and both have standing to pursue this action under the Colorado Wrongful Death Act.

62.     Defendants caused, by wrongful act, the death of Jason Kemp.

63.     As a direct result of the wrongful acts of Defendants, Plaintiffs Keith and Connie Kemp sustained grief, loss of companionship, pain and suffering, emotional distress, and funeral and burial expenses.

## FOURTH CLAIM FOR RELIEF

(Conspiracy to Violate 42 U.S.C. § 1983)
*Against Defendants Lawyer, Firko, and Dunlap on Behalf of the Estate of Jason Kemp*

64.     The previous allegations are incorporated by reference.

65.     Defendants Lawyer, Firko, and Dunlap agreed, by words or conduct, to violate Plaintiff's constitutional rights and 42 U.S.C. § 1983.

66.     Defendants performed one or more unlawful acts to accomplish the violation of Plaintiff's constitutional rights and 42 U.S.C. § 1983.

67.     Defendants' conduct caused injury to Plaintiff.

68.     Jason Kemp filed no action during his lifetime, but under C.R.S. § 13-20-101, this action survives and may be asserted by his Estate.

69.    Wherefore, Plaintiff is entitled to compensatory and punitive damages from Defendants Lawyer, Firko and Dunlap; an award of reasonable costs and attorneys' fees; and such other relief as the Court deems just.

### FIFTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 –Failure to supervise)
*Against Defendants Firko and Dunlap on Behalf of the Estate of Jason Kemp*

70.    The previous allegations are incorporated by reference.

71.    Defendants Firko and Dunlap at all relevant times acted intentionally, recklessly or with deliberate indifference to Plaintiff's constitutional rights, and under color of state law.

72.    At all times relevant to this Complaint, Defendant Dunlap was personally responsible for supervising Defendants Lawyer and Firko, and ensuring they did not engage in violations of constitutional rights.

73.    At all times relevant to this Complaint, Defendant Firko was personally responsible for supervising Defendant Lawyer, and ensuring he did not engage in violations of constitutional rights.

74.    Defendants Dunlap and Firko personally directed, had actual knowledge of, and acquiesced in the illegal conduct described herein, including illegal forced entry into the apartment and the use of excessive force against Jason, leading to his death.

75.    Defendants Dunlap and Firko failed to intervene or remedy the violation of Plaintiff's constitutional rights, and instead chose to supervise, directly participate in, and/or acquiesce in the constitutional violations.

76.    As a direct and proximate result of Defendants Dunlap's and Firko's actions and inactions, including their failure to intervene to protect Jason, Plaintiff suffered the injuries described herein.

77.     Accordingly, Plaintiff is entitled to compensatory and punitive damages from Defendants Firko and Dunlap, an award of reasonable costs and attorneys' fees, and such other relief as the Court deems just.

## SIXTH CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Inadequate policies and training)
*Against Defendants Turano and Doe on Behalf of the Estate of Jason Kemp*

78.     The previous allegations are incorporated by reference.

79.     Defendants Turano and Doe at all relevant times acted recklessly or with deliberate indifference to Plaintiff's constitutional rights, and under color of state law.

80.     The Fourth Amendment forbids the nonconsensual warrantless entry into a person's home except when exigent circumstances are present.  Warrantless searches and seizures in a private home are presumptively unreasonable.  It is clearly established law that investigation of an alleged DUI or traffic violation that did not result in injury to any person does not constitute exigent circumstances justifying a forcible warrantless entry into someone's home for the purpose of procuring chemical evidence of intoxication.  It is also clearly established law that the Fourth Amendment prohibits the use of deadly force unless the officer reasonably believes that it is necessary because of a significant threat of serious injury or death to the officer or others.

81.     Defendants Turano and Doe had the responsibility of drafting official policies and procedures for the Colorado State Patrol and implementing training for the Colorado State Patrol to prevent the types of constitutional violations described herein.  Defendants Turano and Doe failed to draft any policies and/or implement adequate training to guide officers in making decisions as to the use of force and making warrantless forced entries into a residence in order to investigate minor auto-related accidents and/or preserve chemical evidence related to an alleged

DUI. The policies and training materials Defendants Turano and Doe crafted on this topic fail to teach Colorado State Patrol officers that violent, forced, warrantless entry into an individual's home in order to investigate minor auto-related accidents and/or preserve chemical evidence related to an alleged DUI is unconstitutional. They also fail to train officers on safer, reasonable, and effective alternatives to forced, warrantless entry in order to obtain this evidence. Colorado State Patrol officers must regularly investigate minor auto-related accidents and alleged DUIs. Violent, forced entries into residences with firearms drawn carry a substantial risk of personal injury to civilians and officers alike. Accordingly, any reasonable officer in Turano's and Doe's position would have recognized the obvious need for the policies and training described herein and would have known that the policies actually established, and the training actually provided, were so deficient as to be likely to result in the violation of constitutional rights, such as those described herein. Turano's and Doe's failure to create such adequate policies and implement such adequate training constitutes deliberate indifference to the constitutional rights of persons, including Plaintiff, with whom the Colorado State Patrol comes into contact.

82. A properly trained police officer would not have committed the actions of Defendants Lawyer, Firko and Dunlap in carrying out a forced warrantless entry into Jason's home under these circumstances, and causing his death.

83. The fact that the incident described herein occurred when three officers were on the scene, one of whom was a Sergeant with supervisory authority over the other two, reflects a uniform lack of adequate policies and/or training within the Colorado State Patrol regarding forced warrantless entry and use of force in the context of DUI and minor auto-related accident investigations. The actions of these officers was so out of line with constitutional standards that

their actions could only be the result of policies and/or training that was created and/or implemented with reckless indifference to the risk of serious deprivations of constitutional rights.

84.     As a direct and proximate result of Defendants Turano's and Doe's reckless or deliberately indifferent acts and/or failures to act, Plaintiff was deprived of his constitutional rights and injured as described herein.

85.     Jason Kemp filed no action during his lifetime, but under C.R.S. § 13-20-101, this action survives and may be asserted by his Estate.

86.     Wherefore, Plaintiff is entitled to compensatory and punitive damages from Defendants Turano and Doe, an award of reasonable costs and attorneys' fees, and such other relief as the Court deems just.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

a.     An award of compensatory and punitive damages on the federal law claims, and an award of damages for the Colorado statutory claim;

b.     An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and all applicable law;

c.     Interest from the date of each violation; and

d.     Any further or other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury in this matter.

Dated this 24th day of May, 2011                    BAKER & HOSTETLER LLP


                                                    /s/ Paul G. Karlsgodt
                                                    Paul G. Karlsgodt
                                                    Paul S. Enockson
                                                    Erica Gann Kitaev
                                                    Nathan A. Schacht
                                                    303 East 17th Avenue, Suite 1100
                                                    Denver, Colorado  80203-1264
                                                    Tel: 303.861.0600
                                                    Fax: 303.861.7805

                                                    *In cooperation with the ACLU Foundation of Colorado*

                                                    Mark Silverstein
                                                    Rebecca T. Wallace
                                                    American Civil Liberties Union Foundation of Colorado
                                                    400 Corona Street
                                                    Denver, Colorado  80218
                                                    Tel: 303.777.5482
                                                    Fax: 303.777.1773

                                                    Attorneys for Plaintiffs