IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01368–LTB–KMT

KEITH KEMP, individually and as personal representative of the Estate of Jason Kemp, and
CONNIE KEMP, individually,

    Plaintiffs,

v.

IVAN LAWYER, a Trooper fo the Colorado State Patrol, in his individual capacity,
KIRK FIRKO, a Corporal of the Colorado State Patrol, in his individual capacity,
CHAD DUNLAP, a Sergeant of the Colorado State Patrol, in his individual capacity,
RALPH C. TURANO, Legal Training Attorney for the Colorado State Patrol, in his individual capacity, and
JOHN DOE, employee of the Colorado State Patrol, in his/her individual capacity,

    Defendants.

---

# ORDER

---

This matter is before the court on "Defendant Ralph C. Turano's Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1)" [Doc. No. 65, filed November 23, 2011] ("Turano Mot.") and "Motion to Enforce the Court's August 30, 2011 Minute Order [Doc. No. 55] Pursuant to Fed. R. Civ. P. 26(c) & 45(C) by Chad Dunlap" [Doc. No. 66, filed November 25, 2011] ("Dunlap Mot."). Both Defendants Firko and Lawyer joined in Dunlap's Motion. [*See* Doc. Nos. 69 and 70, respectively.] Plaintiff's responded on December 2, 2011 to both the Turano Motion [Doc. No. 72] and to the Dunlap Motion [Doc. No 71].

Defendant Dunlap replied on December 9, 2011. [Doc. No. 75.]¹

*Background*

On August 30, 2011, this court heard oral argument on two motions, filed by Defendants Dunlap and Turano, requesting a stay of proceedings. [Doc. Nos. 38 and 40.] The court issued an oral order, summarized in the court minutes, granting both Defendants' Motions to Stay pending ruling by the District Court on issues concerning qualified immunity. [Doc. No. 55, Aug. 30, 2011 Minutes ("Mins."); Doc. No. 60, Transcript of August 30, 2011 hearing ("Tr.").] The court further noted that Defendants Firko and Lawyer were both subject to parallel criminal proceedings and therefore allowed the temporary stay of discovery as to all four named defendants. (Tr. at 17.) The court, however, agreed to permit limited discovery as to the identity of one or more John Doe defendants to the extent the plaintiffs could garner that information by the issuance of third party subpoenas on the Colorado State Patrol. (Mins. at 2; Tr. at 10, 13 & 16.)

On or about November 1, 2011, the Plaintiff issued a subpoena² to produce documents on the Colorado State Patrol seeking documents in ten specified areas. (Turano Mot., Ex. A., hereinafter "the Subpoena".) The defendants object to item numbers two and five through nine of the subpoena as being outside the bounds of the court's exemption to the order staying

---

¹ The court anticipates Defendant Turano will also file a Reply, however the court does not feel that any further argument is needed in order to resolve the two motions.

² The date on the subpoena is November 1, 2011. Defendant Turano claims the subpoena was served on November 10, 2011. The correct date is of no consequence to determination of this motion.

discovery. (Dunlap Mot. at 2) Plaintiff claims that the court permitted all manner of discovery which might relate to the as yet identified John Doe defendant(s), and therefore claims the items are within the permissible scope of allowed discovery.

*Analysis*

When the court addressed the parties regarding the requested stay, plaintiff's counsel specifically requested to be heard on the issue of prejudice to the plaintiffs by staying all discovery as to the unidentified potential defendants, generically referenced as the "John Doe" defendants. Mr. Schacht represented that Plaintiffs needed expeditious discovery in order to determine the identity of the John Doe defendants to ameliorate problems arising under any applicable statute of limitations. (Tr. at 10.) Mr. Schacht stated that he wished to serve a subpoena on the Colorado State Patrol, "because they are the only ones with the information as to who would be responsible for the trainings (sic), and that's the claim for the John Doe, it's applicable to the John Doe defendants." (Tr. at 10:16-19.) After briefly discussing the issue, Plaintiffs' counsel again reiterated that the information Plaintiffs sought under an exemption to any discovery stay order was the identification of John Doe defendants who were "in a position of approving training or developing training . . . ." (*Id*. at 13:12-13.) The court thereafter acknowledged, "they [the John Doe defendants] do need to be identified so that they can be brought into the case at a reasonable point in time." (*Id.* at 16:18-19.)

In light of the lengthy conversation between Plaintiffs' counsel and the court, there can be little doubt that the exemption to the stay on discovery granted by the court was limited

3

information to be obtained from non-party Colorado State Patrol which was reasonably calculated to lead to the identity of any John Doe defendant.

As noted, the four named defendants agree that item numbers one, three, four and ten meet the criteria of the court's discovery exemption order and therefore the subpoena will be enforced as to those requests without further analysis.

### A.     Subpoena Item Number Two

Item number two of the subpoena requests

> 2. Documents reflecting the organizational structure of the CSP, including the chain of command through which Trooper Lawyer, Corporal Firko, and Sergeant Dunlap reported at or prior to the shooting death of Jason Kemp.

(Turano Mot., Ex. A at ¶ 2.)  The court finds that the information sought in this request, with some further limitation, is compliant with the court's order and non-party Colorado State Patrol is ordered to produce documents responsive to the request **as revised**.  The court modifies the request to read

> Documents reflecting the organizational structure of the CSP, including the chain of command through which Trooper Lawyer, Corporal Firko, and Sergeant Dunlap reported *as it existed on July 20, 2010.*

### B.     Subpoena Item Number Five

Item number five of the subpoena requests

> 5. Any documents that identify the persons responsible for the day-to-day supervision of Trooper Lawyer, Corporal Firko and Sergeant Dunlap in July 2010.

(Turano Mot, Ex. A at 5.)  While this request is within the arguable bounds of the court's order, it is unfairly broad at this juncture.  The stay currently in place was granted to protect

Defendants Dunlap and Turano from participation in the lawsuit pending a ruling on qualified immunity. As explained by the Supreme Court, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). Defendants Firko and Lawyer also need protection from participation in this civil case until their criminal matters are resolved to safeguard their constitutional rights.

The wording of request number five is such that it might be objectionable by the named defendants, at least as to a certain category of private documents. At this juncture, the named defendants should be exempt from having to make those kind of discovery motions. Further, the information sought by request number five will largely be contained in the response to request number two which the court will allow as noted above. Therefore, the Colorado State Patrol will not be required to respond to request number five of the subpoena, and the subpoena is quashed as to request number five.

### C. Subpoena Item Numbers Six, Seven, Eight and Nine

The items in question read:

6. Documents reflecting disciplinary histories, disciplinary counseling , or investigations into alleged infractions for Trooper Lawyer, Corporal Firko, and

>Sergeant Dunlap related to the alleged use of excessive force, unreasonable search, unreasonable seizure and/or warrantees entry.
>
>7. Citizen or other complaints against Trooper Lawyer, Corporal Firko, Sergeant Dunlap, or any other member of the CSP regarding excessive force, unreasonable search , and/or unreasonable seizure from July 2005 through July 2010. (See note above regarding redaction of personal, nonpublic information).
>
>8. Documents reflecting CSP investigations into or discipline of any officer for the alleged use of excessive force, unreasonable search, unreasonable seizure and/or warrantees entry in investigating a DUI , traffic accident, or other traffic infraction.
>
>9. Personnel files or similar files maintained either electronically or in hardcopy by the CSP regarding Trooper Lawyer, Corporal Firko and Sergeant Dunlap. (See note above regarding redact ion of personal, nonpublic information).

(Turano Mot., Ex. A, ¶¶ 6 - 9.)  These items clearly call for documents and information beyond the scope of information reasonably calculated to lead to the identity of any John Doe defendant. The time for this kind of discovery, along with any objections thereto, will come when the stay is lifted following ruling by the District Court on the pending motions to dismiss.  Therefore, the Colorado State Patrol will not be required to respond to requests six through ten of the subpoena and the subpoena is quashed as to request numbers six through ten.

It is therefore **ORDERED**

"Defendant Ralph C. Turano's Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1)" [Doc. No. 65] and "Motion to Enforce the Court's August 30, 2011 Minute Order [Doc. No. 55] Pursuant to Fed. R. Civ. P. 26(c) & 45(C) by Chad Dunlap" [Doc. No. 66] are GRANTED in part and DENIED in part consistent with this Order.

It is further **ORDERED**

The hearing scheduled for December 13, 2011 at 2:00 p.m. is **VACATED**.

Dated this 9th day of December, 2011.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge