IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-01368-LTB-KMT

KEITH KEMP, individually and as personal representative of the Estate of Jason Kemp;
and
CONNIE KEMP, individually,

        Plaintiffs,
v.

IVAN LAWYER, a Trooper of the Colorado State Patrol, in his individual capacity;
KIRK FIRKO, a Corporal of the Colorado State Patrol, in his individual capacity;
CHAD DUNLAP, a Sergeant of the Colorado State Patrol, in his individual capacity; and
JOHN DOE, employee of the Colorado State patrol, in his/her individual capacity,

        Defendants.
_____

ORDER
_____

This matter is before me on Plaintiffs' Objections to the Magistrate Judge's December 9, 2011 Order Granting, in Part, Defendant Dunlap's and Turano's Motions for Protective Order filed by Plaintiffs Keith and Connie Kemp, individually and as personal representative of the Estate of Jason Kemp. **[Doc # 77]** Defendant Chad Dunlap and Defendant Ralph Turano, have filed a response [Doc # 79] as has Defendant Kirk Firko [Doc # 81]. Plaintiffs filed their reply to the responses. [Doc # 83] In addition, I address a motion filed Defendant Ivan Lawyer entitled: Defendant Lawyer's Joinder in Defendants Dunlap and Turano's Joint Response to Plaintiffs' Objections to the Magistrate Judge's Order and Defendant Firko's Response To Plaintiffs' Objections to the Magistrate Judge's December 9, 2011 Order. **[Doc # 82]** I note that no response was filed to this motion for joinder by either Plaintiffs or the other Defendants.

## I. Background

Plaintiffs, who are the parents and personal representative of the estate of Jason Kemp, have filed this action asserting 42 U.S.C. §1983 and wrongful death claims against Defendants after Jason was killed by a gunshot wound to his chest during an altercation with Colorado State Patrol ("CSP") officers on July 20, 2010. Plaintiffs allege that Defendants executed a forced entry into Jason's residence – against his express request for a warrant – in order to obtain blood alcohol evidence and, once they obtained entry into the home, Defendant Lawyer shot and killed Jason, who was unarmed. I note that Defendant Turano was dismissed from this case when I granted his motion to dismiss on February 8, 2012. [Doc # 85] In addition, I have stayed these proceedings as to Defendants Firko and Lawyer. [Docs # 89 & 91]

## II. Analysis

On August 30, 2011, Magistrate Judge Kathleen M. Tafoya granted motions filed by Defendant Dunlap and dismissed-Defendant Turano seeking protective orders pursuant to Fed. R. Civ. P. 26(c)(1), and to stay discovery. [Docs # 38 & 40] In so doing, the "Courtroom Minutes/Minute Order" indicates that "Discovery is stayed as to all four defendants at this time, with the exception of the John Doe defendants, pending ruling from Senior District Judge Lewis T. Babcock on the outstanding Motions to Dismiss with regard to defendant Dunlap and defendant Turano." [Doc # 55] Plaintiffs' complaint asserts a claim for inadequate policies and training against the Doe Defendants – defined as "yet-to-be identified employees" of the CSP "responsible for developing policies, procedures and training material relevant to the matters alleged and ensuring that Defendants Lawyer, Firko and Dunlap were adequately trained . . ." [Doc #22]

2

Thereafter, Plaintiffs served a third-party subpoena on the CSP requesting documents which they believed was reasonably calculated to lead to the discovery of the identity of the John Doe Defendants. Defendants objected to six of the requests and, on December 9, 2011, Magistrate Judge Tafoya found that five of the requests were "unfairly broad" and "beyond the scope of information reasonably calculated to lead to the identity of any John Doe defendant." Aa such, Magistrate Judge Tafoya ruled that the CSP "will not be required to respond to requests six through ten of the subpoena and the subpoena is quashed as to request numbers six through ten." [Doc # 76]

Pursuant to Fed. R. Civ. P. 72(a), Plaintiffs filed the objections at issue here, asserting that Magistrate Judge Tafoya's order is clearly erroneous and contrary to law because the requests are reasonably calculated to lead to discovery of information necessary to identify the Doe Defendants, and they will be prejudiced if denied the requested discovery.

Pursuant to Fed.R.Civ.P. 72(a), I am to consider a party's timely objections to a magistrate judge's order on non-dispositive pre-trial matters and modify or set aside any part of the order that is clearly erroneous or is contrary to law. 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir.1997); *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D.Colo.1996). Objections will be overruled unless I find that the magistrate judge abused her discretion or, if after viewing the record as a whole, I am left with a "definite and firm conviction that a mistake has been committed." *Id.* (*quoting Ocelot Oil Corp. v. Sparrow Indus.*, 847 F .2d 1458, 1464 (10th Cir.1988)). After conducting a *de novo* review I find that Magistrate Judge Tafoya's order is not clearly erroneous or contrary to law.

More importantly, I find that the matter of the stayed discovery is no longer at issue. Magistrate Tafoya's determination to grant Defendant Dunlap and dismissed-Defendant Turano's request for a stay of the discovery was based on their argument that a stay is appropriate when motions to dismiss asserting qualified immunity are pending, on the basis that Plaintiffs' interest in proceeding expeditiously are outweighed by the burden on Defendants raising the defense of qualified immunity. [Docs # 38 & 40]  *See Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("Once a defendant pleads a defense of qualified immunity … until this threshold immunity question is resolved, discovery should not be allowed").  As Magistrate Judge Tafoya noted when partially quashing Plaintiffs' subpoena duces tecum to CPS on December 9th, the time for the kind of discovery at issue, "along with any objections thereto, will come when the stay is lifted following ruling by the District Court on the pending motions to dismiss." [Doc #76]  I ruled on the pending motions to dismiss by orders dated February 8, 2012. [Docs # 84 & 85]  Magistrate Judge Tafoya has subsequently entered a Scheduling Order pursuant to Fed. R. Civ. P. 16, on March 20, 2012, that sets a schedule for the exchange of discovery, including a discovery cut-off date of September 20, 2012. [Doc # 95]

Thus, because the pending Motions to Dismiss filed by Defendant Dunlap and dismissed-Defendant Turano have been resolved, and a discovery schedule has been set by Magistrate Judge Tafoya, I find that the matter here is no longer at issue.

ACCORDINGLY, I DENY Plaintiffs' Objections to the Magistrate Judge's December 9, 2011 Order Granting, in Part, Defendant Dunlap's and Turano's Motions for Protective Order. [**Doc # 77**]   In addition, I DENY WITHOUT PREJUDICE Defendant Lawyers Joinder in

Defendants Dunlap and Turano's Joint Response to Plaintiffs' Objections to the Magistrate Judge's Order and Defendant Firko's Response To Plaintiffs' Objections to the Magistrate Judge's December 9, 2011 Order. [**Doc # 82**]

Dated: March   22  , 2012 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE